IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH PURVEY                          *
    Plaintiff,
        v.                         *        CIVIL NO. JKB-16-2850

ANNE ARUNDEL COUNTY PUBLIC             *
  SCHOOL *et al*.
    Defendants.                        *

                        *****

## MEMORANDUM

Before the court for preliminary screening is Joseph Purvey's ("Purvey") self-represented "petition" and motions for leave to proceed in forma pauperis. ECF Nos. 1, 2 & 3. Although filed on a 28 U.S.C. § 2241 form for filing a habeas corpus petition, Purvey raises no challenge to custody, conviction, or sentence. Instead, he raises a complaint against a local public school system, a public school, administrators, and a school board attorney, claiming that in October of 2014, he received a no-trespass letter from a school administrator, thus denying him access to his daughter while she was in school. He claims that subsequent school administrators have continued to uphold the "no trespass requirement" and he asks that the no-trespass requirement be removed.[1] ECF No. 1, p. 4. His cause of action shall be construed as a civil rights action, filed pursuant to 42 U.S.C. § 1983. Purvey's motions for leave to proceed in forma pauperis shall be granted.

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case before service of process upon a finding that the action

---

[1] On August 23 and 30, 2016, Purvey filed two letters, construed as complaints to be raised in this action. He asserts vague claims that his contract, property, and visitation rights have been violated. ECF Nos. 5 & 6.

has no factual or legal basis.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Indeed, this Court must conduct a preliminarily review of Complaint allegations before service of process and dismiss them if satisfied that the Complaint has no factual or legal basis.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In *Neitzke v. Williams*, 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact."  *Id.* at 325; *see Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.") (citations to *Neitzke* omitted).

*Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.* at 327.  Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the Complaint "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case.  *See Erickson v. Pardus*, 551 U.S. 89

2

(2007). When a federal court is evaluating a self-represented Complaint, the Plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean that a Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

As best as this court can discern, Purvey is challenging a public school's notice that operates to restrict his access to his daughter. The court finds the complaint raises no factual or legal basis upon which to take review over such a dispute. The matter shall be dismissed without prejudice.[2] A separate Order follows.


Date:  September 6, 2016.                                        _____/s/_____
                                                                                    James K. Bredar
                                                                                    United States District Judge

---

[2]    On August 23, 2016, Purvey filed a motion for extension of time to "organize and appropriately group the large quantity of public officials…" ECF No. 4. Given the ruling of this court, the motion shall be denied as moot.